Hillsborough,
No. 5774.

JAMES McCOSTIS

*v.*

NASHUA PRESSMEN UNION *& a.*

Argued September 4, 1968.
Decided November 26, 1968.

*Winer, Lynch & Pillsbury* ( *Mr. S. Robert Winer* orally ), for the plaintiff.

*Sullivan, Gregg & Horton* (*Mr. James L. Sullivan* orally), for the defendants.

PER CURIAM.  This is an action by which plaintiff seeks to recover pension benefits under a plan contained in the constitution and bylaws of the defendant International Union. The plan has now been terminated and the fund liquidated. The Trial Court ( *Loughlin,* J. ) returned a verdict for the plaintiff in the amount of $1,567.27 on an agreed statement of facts. The sole question before us is whether the plaintiff was entitled to receive a pension at the time of his retirement on April 1, 1962.

The pension plan was established by the defendant International Union in 1917. Prior to April 1961, the constitution provided that "any member . . . who has reached the age of sixty years and who has been in continuous good standing for a period of twenty years and retires from employment in the printing industry shall receive a monthly pension . . . ."

On September 1, 1960 the plaintiff had completed twenty years of continuous good standing and was more than sixty years of age. However, he elected not to retire from employment in the printing industry at that time.

On or about September 26, 1960, at a convention of the defendant International Union, it was voted to submit a proposed change in the eligibility requirements for pension benefits to the membership by way of referendum. The change, which was duly adopted and became effective about April 1, 1961, required twenty-five years continuous membership in good standing and that the member should have reached the age of sixty-five years and have retired from employment in the printing industry. The plaintiff retired on April 1, 1962, after less than twenty-five years of continuous good standing. He applied for a pension more than a year later, and was refused.

The issue simply stated is whether the plaintiff's right to a pension became vested upon his having attained the age of sixty

years and having been in twenty years continuous good standing before the change in the constitution, or whether actual retirement from employment before that time was an additional prerequisite to his right becoming vested.

The defendant argues that actual retirement was a condition precedent to the vesting of the plaintiff's rights. The constitution prior to amendment provided that he "who has reached the age of sixty years and who has been in continuous good standing for a period of twenty years *and retires* . . ." shall receive a pension. ( Emphasis supplied. ) We hold that actual retirement was a condition precedent to eligibility and therefore to vesting.

Since the plaintiff did not retire prior to the change in eligibility requirements, he acquired no vested rights and is bound by the amended provisions under which he is ineligible for benefits, *United Mine Workers* v. *Quaker City Iron Works,* 48 CCH Lab. Cas. 29,782, *par.* 18,468 ( Pa. Ct. Com. Pl., 1963 ).

*Judgment for the defendants.*